**Stephen T. HALEY, Petitioner–Appellant,**

v.

**Melody TURNER, Warden, Respondent–Appellee.**

No. 99–4322.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges, and COHN,* District Judge.

PER CURIAM.

Stephen T. Haley, an Ohio state prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. In denying habeas relief, the district court certified five issues for appeal, and we later granted review on two additional grounds. We now affirm the judgment of the district court.

Haley was originally charged in two indictments in state court with 23 counts of the sale of unregistered securities, in violation of Ohio Revised Code § 1707.44(c)(1); six counts of passing bad checks, in violation of Ohio Revised Code § 2913.11(A); one count of false representation in the sale of securities, in violation of Ohio Revised Code § 1707.44(B)(4); and one count of engaging in a pattern of corrupt activity, in violation of Ohio Revised Code § 2923.32(A)(1). After extensive negotiations between counsel for the government and the defendant, Haley pleaded no contest to all charges. The trial court questioned Haley pursuant to Ohio Rule of Criminal Procedure 11 and determined that his plea was entered voluntarily and knowingly. The court notified Haley that by pleading no contest, he was subjecting himself to a possible sentence of 79 years in prison and a fine of $62,500.00. Haley agreed to make restitution in the amount of $2 million over the next few days preceding his sentencing in hopes of gaining leniency in his sentence. Haley presented the court with two checks totaling $2 million; the checks, however, were dishonored for insufficient funds. At the sentencing hearing, held four days later, Haley was sentenced to 83 years in prison and a fine of $93,500.00.

Haley appealed his sentence to the Green County Court of Appeals, which found that the trial judge had erred in sentencing him to more than the maximum term for which Haley had been given notice in entering his plea. The matter was remanded to the trial court, where Haley was sentenced to a term of 79 years. He immediately appealed his resentencing, and the court of appeals concluded that the trial court had again abused its discretion by imposing the maximum possible sentence without weighing mandatory statutory factors. Haley's case was remanded for yet a third sentencing. On October 6, 1995, he was sentenced to an indefinite prison term of 12–40 years. Haley again appealed his sentence. However, this time the court of appeals affirmed the trial court's judgment.

Haley unsuccessfully sought post-conviction relief in the state courts and then filed a habeas petition in federal district court. He challenged the validity of his no-contest plea; the validity of the indictment under the due process, equal protection and double jeopardy clauses of the federal constitution; the validity of the sentencing process in his case; the constitutionality of the Ohio statutes under which he was charged and convicted; and the competence of trial and appellate counsel. The district court, in a carefully reasoned and thoroughly detailed 109–page opinion, denied relief and dismissed the petition. We, in turn, have carefully reviewed the district court's opinion and the record on appeal, and we conclude that the district court correctly denied relief on each of the bases raised by the petitioner. Because there is no precedential or jurisprudential value to be gained from a separate opinion

* The Hon. Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

reiterating the various conclusions of the district court, we affirm the judgment of the district court for the reasons stated in its opinion and order filed on September 30, 1999.

Two additional points bear mention, however. First, we note that the district court's opinion was issued before the Supreme Court announced its decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), which articulated the standard under which a district court should review a state court's legal and factual determinations pursuant to the Anti-terrorism and Effective Death Penalty Act (AEDPA). As the district judge noted, under AEDPA, a writ of habeas corpus may be issued only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams*, the Supreme Court further refined AEDPA's two-pronged standard of review, holding that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this court has on a set of materially indistinguishable facts." 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* Further, the phrase "clearly established Federal law" must "refer to the holdings, as op-posed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Although the district court did not have the benefit of *Williams* when it undertook review of Haley's petition under AEDPA, it is clear that the district court's ultimate analysis remains correct when scrutinized under the *Williams* standard.

Second, Haley raises on appeal the issue of whether he was improperly denied an evidentiary hearing before the district court to develop his claim for habeas relief. The district court had this question before it as a result of Haley's motion for amendment of judgment, and the court fully and properly disposed of the issue in its opinion and order dismissing that motion, filed on September 29, 1999.

For the reasons set out above, we AFFIRM the judgment of the district court.